The single question for determination herein is whether under the provisions of our Municipal Mechanics' Lien law (Revision of 1918) a lien may be maintained against money in the possession of a municipality and due from the municipality to a contractor by one who has supplied labor or materials to a subcontractor, when it is made to appear that at the time of the claim of lien was filed the contractor had paid the subcontractor in full.
Under the old act (P.L. 1892 p. 369) this inquiry was answered in the negative in Garrison v. Borio, 61 N.J. Eq. 236.
It was there determined that while a lien on the *Page 11 
fund in the possession of the municipality could be maintained for labor or materials supplied to a subcontractor, the fifth section of the act limited such lien to the amount due from the contractor to the subcontractor at the time the claim of lien should be filed, and thus spared the contractor the burden of twice paying for the same labor or materials. That section of the old act was as follows:
"That the lien shall attach from the time of filing thereof to the extent of the liability of the contractor for the claim preferred upon any funds which may be due or to grow due to said contractor from said city, town, township or other municipality under the contract against which the lien is filed."
This apparent limitation of the lien "to the extent of the liability of the contractor" was deemed operative to exonerate the fund in the possession of the municipality from a claim of lien for labor or materials supplied to a subcontractor in case the contractor had paid his subcontractor in full, and to limit the amount of such lien to the amount due from the contractor to the subcontractor.
Garrison v. Borio was subsequently followed in the following cases under the old act: Wilson v. Dietrich (NewJersey Chancery), 59 Atl. Rep. 251; Herman Grace v.Freeholders, 71 N.J. Eq. 541; affirmed, 73 N.J. Eq. 415; Meurer
v. Kilgus, 77 N.J. Eq. 175.
In the revised act of 1918 (1 Cum. Supp. Comp. Stat. p. 1859) the provisions of the first and second sections of the act remove any doubt that theretofore may have existed as to whether a subcontractor could maintain a lien and also as to whether a lien could be maintained by laborers and materialmen under a subcontractor; and the fifth section of the act, which took the place of the section of the same number of the old act, was made to read as follows:
"The lien shall attach from the time of the filing thereof to the extent of the liability of the contractor or subcontractor, as the case may be, for the claim preferred upon any funds which may be due or to grow due to the said contractor from the municipality under the contract against which the lien is filed * * *." *Page 12 
Accordingly, it seems clear that in so far as the fifth section of the old act may have been thought to limit the lien for labor or material supplied to a subcontractor on the funds in the possession of the municipality to the amount due from the contractor to his subcontractor, that limitation now is removed by the corresponding section of the later act. Indeed, the specific legislative declaration of the new section is that the lien (which clearly includes a lien under a subcontractor) shall attach from the time of the filing thereof to the extent of the liability of the subcontractor. Language can scarcely be plainer; and in view of the terms of the fifth section of the old act and the force subsequently attributed to it by judicial construction and the terms adopted for the corresponding section of the new act, it seems impossible to escape the conclusion that the new act was intended to subject the funds in the possession of a municipality to a lien for labor and materials supplied to a subcontractor, irrespective of the amount due from the contractor to such subcontractor, unless some other provision of the act should be found to disclose a contrary intent.
The only provision of the act which might be thought to have that effect is a proviso contained in the tenth section of the revised act.
By the tenth section of the revised act the court is specifically directed to ascertain the amount due from the municipality to the contractor and from the contractor or subcontractor (the corresponding section of the old act did not include the words "or subcontractor") to the respective claimants, with no suggestion that the amount due from the contractor to his subcontractor be ascertained, except the appropriate provision that the claim of a subcontractor shall be chargeable with the amount paid to claimants under him. The court is then directed to make a decree directing the municipality "out of the moneys due from it to the contractor, to pay over to the several claimants the sums found due to them respectively," and if the amount in the possession of the municipality be found insufficient, then distribution *Page 13 
shall be ordered made ratably, without regard to priority in filing claims. Then follows a provision relating to claims of laborers, which includes the proviso already referred to as a possible indication of legislative intent that claims under a subcontractor can only be enforced to the extent of the amount due from the contractor to such subcontractor.
That provision is as follows:
"Provided, however, that laborers shall have a lien [prior?] to others upon filing notices under this act at any time before payments are due and made, and the lien of any laborer filed under this act shall have priority over any assignment by a contractor or subcontractor to any third person of any money due to such contractor or subcontractor for any labor or materials furnished for any public improvements referred to in this act, notwithstanding the assignment may have been made prior to the filing of the notice by the laborer; provided, such moneys shall not have been paid to the assignee prior to the time of the filing of the notice."
Touching the force of that part of the tenth section above quoted, it will be observed that as to assignments made by a contractor to a third person such assignments, if paid, necessarily would be paid by the municipality, and the proviso would have no persuasive force of the nature hereinafter suggested. But assignments made to a third person by a subcontractor of money due to him from his contractor might be paid either by the contractor or by the municipality with the contractor's sanction. If the former is to be deemed contemplated, then, support appears to be given to the notion that a legislative intent is disclosed to the effect that a lien under a subcontractor can only attach in any event for the amount due from a contractor to his subcontractor, since it does not seem that a payment made by a contractor to an assignee of his subcontractor should be given a greater force than a payment directly made by a contractor to his subcontractor.
I am impressed that the legislative intent above suggested cannot be said to be adequately disclosed. To give that force to this proviso not only is to wholly nullify the specific provisions of the act already referred to which provide to the contrary, but is to attribute to the proviso by indirection a force beyond its terms and beyond any inference necessarily *Page 14 
flowing from its provisions. It will be recalled that under the old act assignments by a contractor were held to have priority over liens filed subsequent to the dates of such assignments.Cope v. Walton Co., 77 N.J. Eq. 512; United States Fidelityand Guar. Co. v. Newark, 76 N.J. Eq. 230. The proviso protects labor claims against such outstanding assignments, and to attribute that general intent to the proviso is to harmonize it with the entire act.
The sixth section of the revised act contains a similar provision as to claims of laborers and materialmen, but that section relates only to liens filed under the old act.
A decree will be advised in accordance with the views herein expressed.